March 12, 1993 [NOT FOR PUBLICATION]
 [NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT
No. 92-2284

 UNITED STATES OF AMERICA,

 Appellee,

 v.

 VICENTE JOAQUIN GONZALEZ,

 Defendant, Appellant.

 

No. 92-2285

 UNITED STATES OF AMERICA,

 Appellee,

 v.

 HECTOR BERRIOS COLON,

 Defendant, Appellant.

 

 APPEALS FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF PUERTO RICO

 [Hon. Juan M. Perez-Gimenez, U.S. District Judge]
 

 

 Before

 Torruella, Selya and Cyr, Circuit Judges.
 

 

 J. C. Codias for appellants.
 
 Jose A. Quiles Espinosa, Senior Litigation Counsel, with
 
whom Daniel F. Lopez-Romo, United States Attorney, and Warren
 
Vazquez, Assistant United States Attorney, were on brief, for
 
appellee.

 

 

 Per Curiam. Vicente Joaquin Gonzalez and Hector
 Per Curiam.
 

Berrios Colon appeal their convictions on charges of conspiracy

to import a controlled substance into the United States and

possessing a controlled substance aboard a vessel within the

customs waters of the United States, with intent to distribute

the contraband. They argue primarily that the evidence presented

to the jury was too flimsy to support the guilty verdicts. They

argue secondarily that the trial judge improperly excluded

certain evidence and, moreover, exhibited a bias against them.

 We start with bedrock. "The standard of review for

sufficiency challenges is whether the total evidence, taken in

the light most amicable to the prosecution, together with all

reasonable inferences favorable to it, would allow a rational

factfinder to conclude beyond a reasonable doubt that the

defendant was guilty as charged." United States v. Maraj, 947
 

F.2d 520, 522-23 (1st Cir. 1991). We have recently applied this

standard to a test of evidentiary sufficiency in an appeal

prosecuted by appellants' codefendant, Alfredo Nueva. See United
 

States v. Nueva, 979 F.2d 880 (1st Cir. 1992). No useful purpose
 

would be served by canvassing anew the full range of facts set

out therein. See id. at 881-83. It suffices at this juncture to
 

say that we found those facts more than adequate to support

Nueva's conviction on both charges. Id. at 883-85. Most of the
 

same evidence applies with equal force to the present appellants.

 We do not propose to reinvent the wheel. Instead, we

 3

add only a few brief comments regarding the events at issue. On

the main question evidentiary sufficiency the jury was faced

with conflicting accounts of what transpired off the coast of

Puerto Rico on the night of December 5, 1990. Appellants argued

that they were simply in the wrong place at the wrong time;

during a pre-purchase test drive of a speedboat, in the dark of

night, they experienced engine trouble and were stranded in

precisely the spot chosen by drug dealers for an airdrop of

several bales of cocaine worth an enormous amount of money. 

 The prosecution, however, did not believe that the long

arm of co(ke)incidence stretched quite so far. It presented a

wealth of surveillance evidence from which a rational jury could

conclude that a small airplane, running with no navigation

lights, signalled appellants' boat (also running without lights)

and then proceeded by prearrangement to drop several large

objects (marked with chemical lights) which the boat's crew

hauled from the sea. When, thereafter, the capture trap began to

close, the three men aboard the boat hastily discarded the

objects and attempted to evade apprehension (although to no

avail). When boarded, the boat's engine was still warm,

indicating recent use and undermining appellants' stranded-at-sea

account. Several bales of cocaine, with chemical lights still

attached, were found floating in the area where the speedboat had

been. There were no other vessels in the vicinity (save for

official watercraft). 

 We think that the cumulative evidence permitted a

 4

series of logical inferences: that appellants knowingly set out

to rendezvous with the aircraft; that, being the only individuals

in the area, appellants were the designated receptors for the

smuggle; that, by design, appellants retrieved the cocaine from

the water; and that appellants, knowing that their newly acquired

cargo comprised illegal contraband, jettisoned it when law

enforcement personnel drew near. No more was exigible. As we

recently wrote, "the culpability of [a] defendant's presence

hinges upon whether the circumstances fairly imply participatory

involvement." United States v. Echeverri, No. 92-1426, slip op.
 

at 5 (1st Cir. Jan. 5, 1993). Here, a rational factfinder,

drawing plausible inferences as suggested above, could well have

discerned participatory involvement. See, e.g., United States v.
 

Morales-Cartagena, Nos. 91-2079, 91-2080, slip op. at 4-6 (1st
 

Cir. Feb. 23, 1993); Nueva, 979 F.2d at 883-85; United States v.
 

Lopez, 944 F.2d 33, 40 (1st Cir. 1991); United States v.
 

Hernandez-Bermudez, 857 F.2d 50, 54 (1st Cir. 1988); United
 

States v. Flores Perez, 849 F.2d l, 3 (1st Cir. 1988); United
 

States v. Alvarez, 626 F.2d 208, 210 (1st Cir. 1980). 
 

 In sum, the appellants seem to be, literally and

figuratively, in the same boat as Nueva. The jury, the trial

judge, and the Nueva panel believed that the evidence was
 

sufficient to convict on all counts, as do we. Although the

government's case was largely circumstantial, the jury, on this

record, could certainly have chosen to believe that the

converging circumstances pointed persuasively toward a sinister

 5

truth and been convinced thereby beyond any reasonable doubt of

appellants' complicity and guilt. The law, as we have said, "is

not so struthious as to compel a criminal jury to ignore that

which is perfectly obvious." United States v. Ingraham, 832 F.2d
 

229, 240 (1st Cir. 1987), cert. denied, 486 U.S. 1009 (1988);
 

see also United States v. Smith, 680 F.2d 255, 260 (1st Cir.
 

1982) ("Neither juries nor judges are required to divorce

themselves of common sense, but rather should apply to facts

which they find proven such reasonable inferences as are

justified in the light of their experience as to the natural

inclinations of human beings."), cert. denied, 459 U.S. 1110
 

(1983). 

 The other issues raised by appellants deserve scant

comment. The district court's exclusion of the so-called

tracklog was well within its discretion; the record reveals that

appellants never laid a proper foundation for the admission of

this evidence. Lastly, the claim of judicial bias amounts to no

more than shooting from the lip. In any event, the very same

claim was advanced to the Nueva panel and soundly rejected. We
 

adopt that panel's assessment. See Nueva, 979 F.2d at 885.
 

 We need go no further. Our examination of the papers

reveals that appellants' counsel has been using devious

distortions and gross exaggerations as weapons of appellate

advocacy. They are easily belied by the record and do not aid

his clients' cause. For essentially the same reasons as were set

out in the Nueva opinion, the appellants' convictions pass
 

 6

muster. 

 Affirmed.
 

 7